IN THE UNITED STATES DISTRICT COURT
FOR THE WESTRN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SCICCHITANO, JR., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 15-552 |
| ) | Judge David Stewart Cercone/ |
| THOMAS H. COOKE *Asst Public Def*; ) | Chief Magistrate Judge Maureen P. Kelly |
| ADG TRACI MCDONALD; JANET ) | |
| MASCHETTA BELL, ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

At the time of the initiation of the present civil action, Anthony Scicchitano Jr. ("Plaintiff") was a state prisoner, incarcerated at the State Correctional Institution in Albion ("SCI-Albion").[1] Plaintiff has filed a civil rights Complaint, naming three defendants: the Honorable Janet Moschetta Bell, a judge of the Court of Common Pleas of Washington County, Thomas A. Cooke, an Assistant Public Defender and Assistant District Attorney Traci McDonald. All three of the Defendants were involved in Plaintiff's criminal proceedings and

---

[1] Although the caption of the docket indicates that Plaintiff is located at SCI-Frackville, the return addresses on his envelopes indicate Plaintiff is incarcerated at SCI-Albion, as does the Department of Corrections Inmate Locator website:

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/Criteria.aspx

trial, all of which occurred from July 2009 until June 2011, according to the Complaint. In the Complaint, Plaintiff alleges that all three Defendants failed to obtain a mental evaluation of him to determine his ability to undergo the trial in light of Plaintiff's bi-polar disorder and personality disorder for which he was taking high doses of medication.

Because Plaintiff's allegations in the Complaint necessarily call into question the validity of his conviction, the present suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Alternatively, the action is time barred.

### A. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, ECF No. 4, and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the

12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

#### 1. The Allegations of the Complaint

Plaintiff's Complaint alleges wrongdoing by the three Defendants whom he asserts were involved in the prosecution and defense of Plaintiff's crimes. Plaintiff alleges the following:

> [Thomas Cooke] was my attorney at the time of my trial. Before he went to trial he came over to the Washington County Correctional Facility to see me. I told him about my condition and I wanted to see a doctor before my trial. That was never done. Also at the trial, he put me on the stand and asked me if I had any problems or any condition that he needs to know about. I told him again the same thing, but the trial went on.

ECF No. 1-1 at 2.

> (ADA Traci McDonald) the ADA knew about my mental illness before and during the trial. She knew I was taking a high dose of medication for my bi polar disorder, and personality disorder. This inable [sic] me to think clearly and answer questions in a timely maner [sic]. I asked to be seen by a doctor before my trial, to see if I was able to go to trial. The ADA never order [sic] it.

Id. at 6.

> (Judge Janet Moschetta Bell) This was my Judge from July 2009 – June 2011. Every time I went in front of this Judge, I told her that I was bi polar and I had a personality disorder. This condition inable [sic] me to think straight and make wrongful dicesson [sic]. I was on a very high dose of medication at the trial. I told the Judge that I wanted to see a doctor before my trial to see if I was competed [sic] to stand trial. The Judge never order [sic] it.

Id. at 10. As relief, Plaintiff asks "the Courts to drop all charges against me [and] have me release[d] from custody. And I want a tort claim for all the years I spent in prison." Id. at 3, 7 & 11.

It is clear from the foregoing allegations that if Plaintiff were successful in establishing his contentions, i.e., that he was not competent to stand trial and that the Defendants did not help provide him the opportunity to prove his alleged incompetency the validity of Plaintiff's convictions would necessarily be called into question.

### 2. <u>Heck</u> Bars This Action.

Because Plaintiff's Complaint necessarily calls into question the validity of his conviction and sentence, he is barred from proceeding with this Complaint by the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

5

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Id. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted).

Because success in establishing that the Defendants tried and convicted an allegedly incompetent person and that the Defendants failed to accord Plaintiff an adequate hearing on the issue of his alleged incompetency would necessarily render his convictions or sentences invalid, the reasoning of Heck, renders Plaintiff's claims non-cognizable in this action absent an invalidation of those convictions. Nathaniel v. Estelle, 493 F.2d 794, 796 (5th Cir. 1974) ("In *Pate* [*v. Robinson*, 383 U.S. 375 (1966)], however, the Supreme Court recognized an additional right: not only was subjection to trial while incompetent unconstitutional, but failure to accord an adequate hearing on that issue at the time of trial, when a bona fide doubt as to the defendant's competence appeared,

6

violated due process."), *overruled on other grounds by*, Zapata v. Estelle, 585 F.2d 750 (5th Cir. 1978).[2]

Accordingly, because Plaintiff's Complaint necessarily calls into question the validity of his conviction, and because his conviction has not been otherwise called into question by any of the methods required by Heck, the rule of Heck bars this action and requires that it be dismissed before service pursuant to the PLRA's screening provisions for failure to state a claim upon which relief can be granted.

### 3. The Complaint is Time Barred.

To the extent that any of Plaintiff's claims against any of the Defendants are not barred by Heck, *i.e.*, do not necessarily call into question the validity of Plaintiff's convictions, they are dismissible on the alternative ground that the claims are time barred.[3]

All of Plaintiff's allegations of wrongdoing concern actions or inactions taken by the Defendants in the course of Plaintiff's pre-trial and trial criminal proceedings. We note that Plaintiff alleges that the Defendants' actions or inactions took place between July, 2009 and June, 2011.

---

[2] The fact that Plaintiff herein is apparently seeking in addition to damages, injunctive relief does not render the rule of Heck inapplicable. See, e.g., Eubank v. Ghee, 202 F.3d 268 (Table) 1999 WL 1045238, at *1 (6th Cir. 1999) ("The holding in *Heck* applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [*Heck*] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").

[3] The Court acknowledges that if the Heck bar applies, then the statute of limitations has not begun to run. Wolfe v. Perry, 412 F.3d 707, 714 (6th Cir. 2005) ("[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever.")(quoting Shamaeizadeh v. Cunigan, 182 F.3d 391, 396 (6th Cir. 1999)). If however, the Heck bar does not apply, then the statute of limitations has certainly run.

7

We deem Plaintiff's Complaint to rest on 42 U.S.C. § 1983 as the jurisdictional basis for this lawsuit given that Plaintiff is attempting to vindicate his Constitutional rights during his state criminal proceedings. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat. Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar of the statute of limitations is apparent from the face of the Complaint and matters of which judicial notice may be taken.

Pursuant to the prisoner mail box rule, the earliest that Plaintiff is deemed to have filed the Complaint is April 24, 2015, the date he signed his IFP Motion. ECF No. 1 at 1. Because he did not file the Complaint until April 24, 2015 and the latest date of alleged wrongdoing by the Defendants occurred in June 2011, and his cause of action accrued then, at the latest, given he knew at that time he was denied the opportunity to be heard on his alleged incompetency, the Complaint is barred by the two year statute of limitations and must be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                        Respectfully submitted:

                                        s/Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

Date:   June 3, 2015

cc:     The Honorable David Stewart Cercone
       United States District Judge

       Anthony J. Scicchitano, Jr.
       KB-9484
       SCI Frackville
       10745 Route 18
       Albion, PA 16475